IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-866-GMS |
| | ) |
| JOSEPH F. BIDEN, III, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 1st day of March, 2009, having considered the plaintiff James Arthur Biggins' ("Biggins") motion for reconsideration (D.I .7);

## I. BACKGROUND

The plaintiff, James Arthur Biggins ("Biggins"), a *pro se* litigant who is presently incarcerated, filed this action with a motion for relief from the State's termination of consent decree seeking to vacate an Order entered on March 16, 2006, in *West v. Spencer*, Civ. Action No. 78-014-SLR (D. Del., D.I. 257). Rather than file his motion in Civ. Action No. 78-014-SLR, Biggins filed this case. *West v Spencer* is currently on appeal in the United States Court of Appeals for the Third Circuit, No. 08-4030. Biggins appears to seek the same relief as that by other class member plaintiffs in *West v. Spencer*. The defendants he names, however, are not named defendants in Civ. Action No. 78-014-SLR, and he seeks no specific relief from them.

On February 3, 2009, the court denied Biggins leave to proceed without prepayment of fees on the basis that he had three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. (D.I. 6); *see* 28 U.S.C. § 1915(g). On

February 10, 2009, Biggins filed a notice of appeal, dated February 10, 2009, and docketed on February 19, 2009. (D.I. 10.) On February 18, 2009, Biggins filed his motion for reconsideration, dated February 11, 2009, and docketed on February 19, 2009. (D.I. 7.) On February 27, 2009, the court entered an Order denying the motion for reconsideration without prejudice for want of jurisdiction. (D.I. 11.) On March 3, 2009, the United States Court of Appeals for the Third Circuit entered an Order that the post-decision motion appeared timely, and stayed the appeal pending a disposition of the motion by this court. (D.I. 13.) Accordingly, the court rules on the merits of the motion for reconsideration.

Biggins moves for reconsideration on the grounds that this is not a new action and, therefore, the "three strikes rule" does not apply. (D.I. 7.)

## II. STANDARD OF REVIEW

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may alter or amend its judgment if the movant demonstrates at least one of the following: 1) an intervening change in the controlling law; 2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Id.; Dasilva v. Esmor Corr. Services, Inc.*, 167 F. App'x 303 (3d Cir. 2006) (not reported).

## III. DISCUSSION

After further review of this case, it appears an error was made when Biggins' motion for relief was filed as a new case. It should have been filed as a motion in *West v. Spencer*, Civ. Action No. 78-014. The motion appeared to be a new case because Biggins named defendants

who were not named defendants in Civ. Action No. 78-014-SLR, and he left the case number blank in the caption of the motion. Because a new case should not have been opened, the court will order this case closed and Biggins' motion for relief from the State's termination of consent decree (D.I. 1) filed in Civ. Action No. 78-014-SLR. Joseph F. Biden, III and the Delaware Department of Correction will not be named as additional defendants in Civ. Action No. 78-014-SLR as they were never defendants in that case and no specific relief is sought from them. Biggins will not be required to pay a filing fee.

### IV. CONCLUSION

For the above reasons, IT IS ORDERED that:

1. The February 27, 2009 Order is **vacated**. (D.I. 11.)

2. The motion for reconsideration is **granted**. (D.I. 7.) No filing fee is due from the plaintiff.

3. The clerk of the court is directed to file the motion for relief from the State's termination of consent decree, found at D.I. 1, in *West v. Spencer,* Civ. Action No. 78-014-SLR. Joseph F. Biden, III and the Delaware Department of Correction shall not be named as defendants on the court docket in Civ. Action No. 78-014-SLR.

4. The clerk of the court is directed to **close** this case.

_____
CHIEF, UNITED STATES DISTRICT JUDGE